**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**PEDRO LINARTE-ESPINOZA,**

     **Petitioner,**

**vs.**                           **Case No. 4:12cv455-SPM/CAS**

**ERIC HOLDER, JR., et al.,**

     **Respondents.**

_____/

## REPORT AND RECOMMENDATION

This case was transferred to this Court from the United States District Court, Southern District of Florida on September 7, 2012.  Docs. 5, 6.  The case was initiated by Petitioner on September 5, 2012, by filing a request for emergency hearing on petition for writ of habeas corpus, doc. 1, filed pursuant to 28 U.S.C. § 2241 and § 2255.  Petitioner paid the filing fee at the time of case initiation.  Doc. 1.

The emergency motion requests a hearing and alleges Petitioner is "unlawfully detained in violation of the Due Process Clause" and that he is "subject to imminent deportation."  Doc. 1 at 1.  Petitioner is a native and citizen of Nicaragua who has been in the United States for more than 26 years.  *Id.* at 3.  In July of 1999, when Petitioner failed to file an application for relief, it appears that he was ordered removed.  *Id.* at 3-4.

Petitioner's appeal to the Board of Immigration Appeals was dismissed on December 28, 2001.  *Id.* at 4.  Petitioner was convicted of burglary on May 1, 1998, and thereafter, "arrested and charged with misdemeanor petit theft on July 30, 2012."  *Id.* at 4. Petitioner's motion requesting a stay of deportation or removal was denied on August 29, 2012.  *Id.* at 4.  Petitioner states that he has exhausted administrative remedies and "seeks a writ of habeas corpus with the Court to be allowed to remain in the United States, our of detention, until the Petitioner can fully attempt to lawfully stay in the United States."  *Id.* at 4.  This case was initiated on September 5, 2012, and on September 6th, Petitioner filed a motion for emergency stay of removal and injunction, doc. 3.

Petitioner should have filed the instant petition and motion in the Eleventh Circuit Court of Appeals as this Court does not have jurisdiction to consider Petitioner's appeal. Petitioner is not merely challenging his detention in the custody of ICE under Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), but is attempting to challenge the order of removal.  This Court does not have jurisdiction over such an action

The relevant statute, 8 U.S.C. § 1252(a)(2)(D) and § 1252(a)(5), provides exclusive review (to the degree any review is possible) only in the "appropriate court of appeals."  *See* Balogun v. United States Atty. Gen., 425 F.3d 1356, 1359-60 (11th Cir. 2005); *see also* Arias v. United States Atty. Gen., 482 F.3d 1281, 1284 (11th Cir. 2007); Jean-Pierre v. United States Atty. Gen., 500 F.3d 1315, 1321 (11th Cir. 2007) (stating "the exclusive mechanism for judicial review is a petition for review filed with the appropriate court of appeals"), *citing* 8 U.S.C. § 1252(a)(5).  Under the REAL ID Act, an

alien who claims legal error in a final order of removal may petition the courts of appeals for review.  Balogun, 425 F.3d at 1360.  The courts of appeal have exclusive jurisdiction to undertake whatever judicial review is available to Petitioner.  8 U.S.C. § 1252(a)(5); see Tang v. United States Atty. Gen., 578 F.3d 1270 (11th Cir. 2009) (reviewing the dismissal of petitioner's application for asylum, withholding of removal, and relief under CAT).

The REAL ID Act also includes a transfer provision providing that "the district court shall transfer . . . to the court of appeals" any case "challenging a final administrative order of removal . . . ."  REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005).  Therefore, pursuant to the REAL ID Act, codified at 8 U.S.C. § 1252(a)(2)(D), this case need not be dismissed but may, instead, be transferred to the Eleventh Circuit Court of Appeal.  The motion for an emergency stay of removal, doc. 3, as well as the petition, doc. 1, must be presented to the Eleventh Circuit Court of Appeals.

In light of the foregoing, it is respectfully **RECOMMENDED** that the § 2241 petition, doc. 1, and motion for stay of removal, doc. 3, filed by Petitioner PEDRO LINARTE-ESPINOZA be **TRANSFERRED** to the Eleventh Circuit Court of Appeals pursuant to REAL ID Act of 2005, 8 U.S.C. § 1252, for consideration of the petition and all pending motions.

**IN CHAMBERS** at Tallahassee, Florida, on September 10, 2012.


 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.